Filed 7/22/26  P. v. Anderson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERMANY ANDERSON,<br><br>    Defendant and Appellant. | B350304<br><br>(Los Angeles County<br>Super. Ct. No. 24CMCF01610) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily S. Garcia Uhrig, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Jermany Anderson (defendant) appeals from a judgment of conviction following a no contest plea after the denial of his motion to suppress evidence (Pen. Code, § 1538.5, subd. (m)).[1] His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On May 6, 2026, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

Around 9:00 p.m. on September 2, 2024, a Los Angeles Police Department officer in a patrol car saw defendant get out of the front passenger seat of a Honda vehicle at a brightly lit gas station.  Defendant "appeared to be grabbing a weighted object in his waistband area."  The officer drove into the gas station to get "a better visual"; when he was approximately 15 feet away, the officer "had a clear and unobstructed view" of defendant "clinch[ing]" a "distinct L-shaped bulge in his right waistband area" beneath his clothing.  The L-shaped object was "consistent with the frame of a firearm."  Although defendant got back into the Honda after officers tried to get his attention (and subsequently "became irate and hostile"), defendant exited the Honda after additional back-up officers arrived.  Defendant was patted down, and an unregistered, .362 Magnum handgun with six live rounds was removed from the area near defendant's "ankle underneath his right pant leg."

The People charged defendant with (1) having a concealed

---

1       All further statutory references are to the Penal Code.

2

and unregistered firearm on his person (§ 25400, subd. (a)(2)), (2) carrying a loaded, unregistered firearm on his person or in a vehicle (§ 25850, subd. (a)), and (3) possessing a firearm within 10 years of a misdemeanor conviction for specific firearms crimes ( a 2024 conviction for attempting to carry a concealed firearm in a vehicle) (§ 29805, subd. (f)).  The People further alleged the aggravating circumstance that defendant was armed with and used a weapon.

Defendant moved to suppress the firearm as the fruit of a warrantless search that occurred immediately after a detention lacking reasonable suspicion or probable cause.  In April 2025, the trial court conducted the suppression hearing along with the preliminary hearing.  The officer who first observed defendant grabbing a weighted object in his pants and later noticed the L-shaped object beneath defendant's clothing testified.  After entertaining extensive argument, the court denied defendant's motion.  The court explained that a police officer's "observ[ation of] a[n] L-shaped bulge that was consistent with a firearm" would constitute "reasonable articulable suspicion to conduct a *Terry* [*v. Ohio* (1968) 392 U.S. 1] stop."  The court went on to find that it had no basis "to not accept [the testifying officer's] testimony that he observed a[n] L-shaped [bulge] underneath [defendant's clothing]."  The court then held defendant to answer.

Following the filing of an information, defendant entered a no contest plea to having a concealed, unregistered firearm on his person, and admitted the aggravating factor.  The court granted defendant two years of formal probation with conditions that included 20 days of community labor, and dismissed the remaining charges.

Defendant filed a timely notice of appeal.

3

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.

KUMAR*

We concur:

_____, Acting P. J.

BAKER

_____, J.

KIM (D.)

---

\* Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5